IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROSIE VERTISON                                                                                    PLAINTIFF

v.                                                                     CIVIL ACTION NO. 4:11-CV-118-GHD-JMV

AMERICAN SNUFF COMPANY, LLC and
SMOKELESS TOBACCO COUNCIL, INC.                                                          DEFENDANTS

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court are Defendants' first motion for summary judgment on the merits of Plaintiff's claim [54] and Defendants' second motion for summary judgment on Plaintiff's proof of causation [68]. Upon due consideration, the Court finds that the first motion for summary judgment [54] is well taken and should be granted and that the second motion for summary judgment [68] should be denied as moot.

*A. Factual and Procedural Background*

Plaintiff Rosie Vertison ("Plaintiff") brings a negligent misrepresentation claim[1] against Defendants American Snuff Company, LLC ("American Snuff") and Smokeless Tobacco Council, Inc. ("Smokeless Tobacco Council") (collectively, "Defendants").[2] American Snuff manufactures, markets, and sells Bloodhound, Cannonball, and Taylor's Pride smokeless tobacco, which contain nicotine, an addictive substance. The Smokeless Tobacco Council is an inactive, nonprofit trade association that was formed in 1969 by domestic smokeless tobacco

---

[1] Although the complaint appears to allege some facts in support of other state-law claims for deceptive advertising, fraudulent misrepresentation, and concealment under Mississippi law, Plaintiff now states that she is pursuing only a negligent misrepresentation claim against Defendants. *See* Pl.'s Resp. to Def.'s MSJ [56] at 1.

[2] Although Plaintiff brought the suit against an additional Defendant, Swedish Match North America, Inc., that Defendant has since been dismissed from the case on stipulation of the parties.

1

manufacturers to monitor and respond to legislative and regulatory developments affecting smokeless tobacco at the federal, state, and local levels. Although Smokeless Tobacco Council has made public statements about smokeless tobacco at various times, it has never manufactured or sold smokeless tobacco.

Plaintiff alleges the following facts: Plaintiff is a 73-year-old female who used smokeless plug leaf tobacco for approximately 45 years, believing that such products were beneficial for her health, based on the marketing of the products as harmless and beneficial to the health of the user. In 2010, Plaintiff was diagnosed with oral cancer and has since undergone significant surgery and medical treatment. Plaintiff has now ceased her use of smokeless tobacco. Plaintiff would have refrained from smokeless tobacco use sooner had she known about the hazards of using smokeless tobacco. Despite knowledge that the products were addictive, harmful, and caused and contributed to oral cancer, Defendants engaged in false and misleading marketing of the products and intentionally withheld research findings concerning the dangers of product use in order to confuse potential consumers and encourage the use and purchase of smokeless tobacco.

Defendants have answered the complaint, the parties have engaged in discovery, and Defendants have now filed two motions for summary judgment. Because the Court finds that Plaintiff's negligent misrepresentation claim fails as a matter of law, and thus that Defendants' first motion for summary judgment [54] should be granted, the Court need not address Defendants' second motion for summary judgment concerning proof of causation [68].

### B. *Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact

and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

*C. Analysis and Discussion*

To establish a claim for negligent misrepresentation under Mississippi law, a plaintiff must prove the following five elements:

> (1) a misrepresentation or omission of a fact; (2) that the [mis]representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

*Horace Mann Life Ins. Co. v. Nunaley*, 960 So. 2d 455, 461 (Miss. 2007) (en banc). In the case *sub judice*, Plaintiff maintains that her negligent misrepresentation claim is viable because she can show that (1) Defendants "omitted to inform her that the smokeless tobacco products sold to [Plaintiff] by [American Snuff] contained nitrosamines"; (2) this alleged omission was significant because "nitrosamines are carcinogens that lead to the development of oral cancer"; (3) Defendants failed to exercise the degree of diligence and expertise the public is entitled to expect of such entities; (4) Plaintiff relied on Defendants' alleged omissions; and (5) Plaintiff "suffered grievous damages as a result of her reliance." Pl.'s Resp. Opp'n to Defs.' MSJ [56] at 2.[3]

The Court finds that Plaintiff's claim fails as a matter of law because Plaintiff presents no evidence that she took any action in reliance on any misrepresentation or omission of Defendants. Plaintiff testified in her deposition that she chose to use her mother's smokeless tobacco when she was a child because her mother gave it to her, "[i]t looked good," and she "wanted some." Pl.'s Dep. [54-3] at 6–7. Plaintiff testified that she continued using smokeless

---

[3] The Court does not address the parties' arguments with respect to the interplay between Plaintiff's negligent misrepresentation claim and the Mississippi Products Liability Act, because the Court finds that the claim fails as a matter of law on other grounds.

4

tobacco over the ensuing years because she enjoyed it; she did not base her purchase decision on any advertising or marketing of smokeless tobacco, and in fact, could not recall ever seeing, reading, or hearing any advertisement for smokeless tobacco, aside from some free coupons she received in the mail from companies she could not remember. *See id.* at 14, 20. She further testified that she never saw the warning label added to smokeless tobacco products in 1987 which stated in part that the product might cause cancer in the mouth, either because "the stores or somebody took it off" or because she did not notice the warning labels. *Id.* at 17. Plaintiff fails to show that she relied on any alleged misrepresentation and further fails to show that reliance on any such misrepresentation proximately caused her injuries. Therefore, her claim for negligent misrepresentation fails as a matter of law and summary judgment is appropriate.

### D. Conclusion

Thus, the Court finds that Defendant's motion for summary judgment [54] should be GRANTED, and Defendants' second motion for summary judgment [68] should be DENIED as moot.

A separate order in accordance with this opinion shall issue this day.

THIS, the 26 day of April, 2013.

_____
SENIOR JUDGE